FILED

**NOT FOR PUBLICATION**

JAN 06 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANIBAL DIAZ-RODRIGUEZ,

Defendant - Appellant.

No. 13-50635

D.C. No. 3:12-cr-05230-JLS-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Argued and Submitted December 10, 2014
Pasadena, California

Before: SILVERMAN, BEA, and CHRISTEN, Circuit Judges.

Anibal Diaz-Rodriguez, a Mexican national, was convicted of a violation of

8 U.S.C. § 1326. He challenges the district court's denial of his motion to dismiss

the indictment and the sentence imposed. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

1. "[W]hen the motion to dismiss is based on alleged due process defects in an underlying deportation proceeding," the district court's denial of a motion to dismiss an indictment under 8 U.S.C. § 1326 is reviewed *de novo*. *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1047 (9th Cir. 2004). Diaz-Rodriguez argues that his due process rights were violated when he was deported in 1998 despite being a lawful permanent resident who was ineligible for deportation. However, Diaz-Rodriguez was inadmissible on July 3, 1999 and September 29, 2001 when he falsely claimed to be a U.S. citizen at the port of entry. *See* 8 U.S.C. § 1182. Since his expedited removals on July 4, 1999 and September 29, 2001 did not rely on the 1998 removal but on his bogus claim to American citizenship, they are logically, factually, and legally independent of that other removal; any due process

violation in 1998 cannot be imputed to them. Thus, the district court correctly denied the motion to dismiss the indictment.[1]

2. This court "review[s] the district court's interpretation of the Sentencing Guidelines de novo, the district court's application of the Sentencing Guidelines to the facts of a case for abuse of discretion, and the district court's factual findings for clear error." *United States v. Brooks*, 610 F.3d 1186, 1198 (9th Cir. 2010) (quoting *United States v. Grissom*, 525 F.3d 691, 696 (9th Cir. 2008) (internal quotation marks omitted)). Diaz-Rodriguez argues that the district court misinterpreted the Sentencing Guidelines, so our review is *de novo*. Diaz-Rodriguez argues that his conviction under California Vehicle Code § 10851(a)

---

[1] The July 1, 1999 removal order was reinstated on February 26, 2012, satisfying the indictment's allegation that Diaz-Rodriguez was "removed from the United States subsequent to May 17, 2010." Moreover, Diaz-Rodriguez's claim that he suffered prejudicial violation of his due process rights because the IJ did not advise him on July 1, 1999 of the possibility of reopening his September 30, 1998 removal proceedings fails. Even if Diaz-Rodriguez should have been told that his prior removal proceedings could have been reopened, Diaz-Rodriguez had entered the country on September 30, 1998 apparently on the strength of a permanent resident card (a "green card") that had been invalidated by the 1998 deportation proceeding. That entry using an invalid "green card" constituted separate grounds for removal. *See* 8 U.S.C. § 1227(a)(1)(A). Any reinstatement of Diaz-Rodriguez's permanent residency status resulting from a successful reopening of his 1998 proceedings would not have changed the fact that Diaz-Rodriguez had entered the country on September 30, 1998 using a then-invalid green card or other entry document. Because the IJ's failure to inform Diaz-Rodriguez was not prejudicial, we need not decide whether the IJ should in fact have informed Diaz-Rodriguez of the procedure to reopen the prior deportation.

should not be treated as an aggravated felony because the statute is divisible and the conduct to which he admitted in his change of plea does not constitute the generic aggravated felony of theft, since it did not establish that he exercised control over the vehicle.

Assuming that California Vehicle Code § 10851(a) is divisible for purposes of determining whether a defendant has exercised "control of property," we hold that Diaz-Rodriguez's admitted conduct constituted an aggravated felony. Diaz-Rodriguez admitted in his state plea form that he "drove a car which did not belong to [him] without the owner's permission with the intent of depriving the owner of title and possession." Since driving a car is tantamount to exercising control over it, the district court correctly calculated the applicable offense level, and did not err in its imposition of Diaz-Rodriguez's sentence.

The district court's judgment denying Diaz-Rodriguez's motion to dismiss the indictment and imposing a sentence of 46 months incarceration and 3 years supervised release is AFFIRMED.

4